O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| BRANDY B. BRANHAM, | ) | Case No. ED CV 15-00050-DFM |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND |
| v. | ) | ORDER |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Brandy B. Branham ("Plaintiff") appeals from the final decision of the Administrative Law Judge ("ALJ") denying her application for Supplemental Security Income benefits. The Court concludes that the ALJ gave clear and convincing reasons which were supported by substantial evidence in the record for discrediting Plaintiff's subjective symptom testimony. The ALJ's decision is therefore affirmed and the matter is dismissed with prejudice.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her application for benefits on November 28, 2011, alleging disability beginning July 1, 1998. Administrative Record ("AR") 149-54. The

ALJ found that Plaintiff had the severe impairments of "Arnold Chiari malformation type II; headaches; occipital neuralgia; C5-C7 disc bulge; obesity; and disc bulge at L3-L5 with spinal stenosis." AR 22. The ALJ concluded that Plaintiff was not disabled because there was work available in significant numbers in the national and regional economy which she could perform despite her impairments. AR 29-31.

## II.

## ISSUE PRESENTED

The parties dispute whether the ALJ erred in failing to properly assess Plaintiff's credibility. See Joint Stipulation ("JS") at 4.

## III.

## DISCUSSION

Plaintiff testified at the administrative hearing that she suffered from headaches, whole body pain, and low back pain on a daily basis; her pain level was 8 or 9 out of 10, even with medication; she stayed in bed most of the day; she had blurred vision and difficulty hearing; she could only stand for five minutes at a time, sit for ten minutes, and walk for less than ten minutes; she needed to lie down or she would get dizzy and lose her balance; she had anxiety; and she had difficulty concentrating and focusing. AR 42-60.

To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009) (citing Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. Lingenfelter, 504 F.3d at 1036 (citing Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991) (en banc)). Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit

2

the claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence. <u>Bunnell</u> , 947 F.2d at 343 (citation omitted). To the extent that an individual's claims of functional limitations and restrictions due to alleged symptoms are reasonably consistent with the objective medical evidence and other evidence, the claimant's allegations will be credited. Social Security Ruling ("SSR") 96-7p, 1996 WL 374186, at *2 (July 2, 1996) (explaining 20 C.F.R. § 416.929(c)(4)).

If the claimant meets the first step and there is no affirmative evidence of malingering, the ALJ must provide specific, clear and convincing reasons for discrediting a claimant's complaints. <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 883 (9th Cir. 2006) (citing <u>Smolen v. Chater</u>, 80 F.3d 1273, 1283-84 (9th Cir. 1996)). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." <u>Reddick v. Chater</u>, 157 F.3d 715, 722 (9th Cir. 1998) (quoting <u>Lester v. Chater</u>, 81 F.3d 821, 834 (9th Cir. 1995)). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. <u>Smolen</u>, 80 F.3d at 1284 & n.8. Additionally, "[i]n weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." <u>Light v. Soc. Sec. Admin.</u>, 119 F.3d 789, 792 (9th Cir. 1997) (citations omitted). The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. <u>Smolen</u>, 80 F.3d at 1284.

///

3

The ALJ gave several clear and convincing reasons for finding that Plaintiff's subjective testimony was not entirely credible, each of which is supported by the record. First, the ALJ properly considered Plaintiff's activities of daily living in assessing her credibility. The ALJ noted that, despite Plaintiff's complaints of debilitating pain, she was able to perform certain daily activities, such as using a computer, attending church on many Sundays, shopping, riding in a car, cooking occasionally, and taking care of her own personal care. AR 26. Although a claimant "does not need to be 'utterly incapacitated' in order to be disabled," Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) (quoting Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)), the ability to perform certain activities of daily life can support a finding that the claimant's reports of his or her impairment are not fully credible, see Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1227 (9th Cir. 2009); Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1991) (as amended) (finding that the claimant's ability to "take care of her personal needs, prepare easy meals, do light housework and shop for some groceries . . . may be seen as inconsistent with the presence of a condition which would preclude all work activity" (citing Fair, 885 F.2d at 604)).

Second, the ALJ noted that, despite her complaints of debilitating pain, Plaintiff's treatment history was generally conservative. The ALJ pointed out that "[t]reatment records reveal the claimant received routine, conservative, and non-emergency treatment since the alleged onset date," and that there was no evidence of a more aggressive treatment or "surgical intervention." AR 26-27. A conservative treatment history is a legitimate basis for an ALJ to discount a claimant's credibility. See Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008); see also Fair, 885 F.2d at 604 (finding that the claimant's allegations of persistent, severe pain and discomfort were belied by "minimal conservative treatment").

4

Third, the ALJ cited Plaintiff's poor work history as a reason for finding her less than fully credible, noting that Plaintiff testified that she had never worked or looked for any work, which "raise[d] some questions as to whether the current unemployment is truly the result of medical problems." AR 25, 27. The ALJ was permitted to rely on Plaintiff's work history in assessing her credibility. See 20 C.F.R. § 416.929(c)(3) (in evaluating the intensity and persistence of a claimant's symptoms, the fact finder "will consider all of the evidence presented, including information about [the claimant's] prior work record"); see also Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (holding that the ALJ properly determined that claimant was not credible where the claimant "had an 'extremely poor work history' and 'ha[d] shown little propensity to work in her lifetime'").

Fourth, the ALJ extensively reviewed the medical evidence and reasonably determined that it did not support Plaintiff's alleged symptoms and limitations. AR 27-29. Although a lack of objective medical evidence may not be the sole reason for discounting a claimant's credibility, it is nonetheless a legitimate and relevant factor to be considered. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

Finally, the ALJ noted that, although Plaintiff alleged that she could only stand, walk, and sit for ten minutes, she sat through a fifty-minute hearing without any problem. AR 27. The ALJ also observed that Plaintiff was able to "get up from her seat without effort" and "walk out of the hearing room with a good gait," despite her claims that, after sitting, she must stand slowly due to back pain. Id. Plaintiff argues that this reason is "th[e] type of 'sit and squirm' jurisprudence" that the Ninth Circuit has disfavored. JS at 15-16 (citing, inter alia, Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985)). Although this Circuit has held that it is not permissible for the ALJ to rely solely on the claimant's appearance at the hearing, the "inclusion of the ALJ's personal

5

observations does not render the decision improper." <u>Verduzco v. Apfel</u>, 188 F.3d 1087, 1090 (9th Cir. 1999); <u>citing</u> <u>Morgan v. Comm'r of Soc. Sec. Admin.</u>, 169 F.3d 595, 600 (9th Cir. 1999). Here, the ALJ did not observe behavior consistent with Plaintiff's complaints; for example, she said she could not sit for more than ten minutes but apparently sat throughout a 50-minute hearing. Moreover, this is not a case where the ALJ based his decision that Plaintiff is capable of working solely on observations made at the hearing; to the contrary, the ALJ's observations were but one of several factors used to discount Plaintiff's testimony.

On appellate review, the Court does not reweigh the hearing evidence regarding Plaintiff's credibility. Rather, this Court is limited to determining whether the ALJ properly identified clear and convincing reasons for discrediting Plaintiff's credibility, which the ALJ did in this case. <u>Smolen</u>, 80 F.3d at 1284. It is the ALJ's responsibility to determine credibility and resolve conflicts or ambiguities in the evidence. <u>Magallanes v. Bowen</u>, 881 F.2d 747, 750 (9th Cir. 1989). If the ALJ's findings are supported by substantial evidence, as here, this Court may not engage in second-guessing. <u>See</u> <u>Thomas</u>, 278 F.3d at 959 (citing <u>Morgan</u>, 169 F.3d at 600); <u>Fair</u>, 885 F.2d at 604.  It was reasonable for the ALJ to rely on all of the reasons stated above, each of which is fully supported by the record, in rejecting Plaintiff's subjective testimony. Reversal is therefore not warranted on this basis.

///
///
///
///
///
///
///

6

**IV.**

**CONCLUSION**

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated: December 11, 2015

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge